UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                                )
I.A.M. NATIONAL PENSION FUND,   )
NATIONAL PENSION PLAN,          )
                                )
           and                  )
                                )
WARREN MART and                 )
BURTON F. TREBOUR,              )
Co-chairmen of the Board of     )
Trustees of the I.A.M.          )
National Pension Fund,          )
                                )
1300 Connecticut Avenue, NW     )
Suite 300                       )
Washington, DC  20036           )
(202) 785-2658                  )
                                )
           Plaintiffs,          )
                                )
      v.                        )    Case No.
                                )
ACCURATE MANUFACTURING CO.      )
12550 Lombard Lane              )
Alsip, Illinois 60658           )
(708) 389-9000                  )
                                )
           Defendant.           )
_____)
```

COMPLAINT

(An action for legal and equitable relief to enforce §515 of the Employee Retirement Income Security Act of 1974, as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §1145)

This is an action for legal and equitable relief brought pursuant to 29 U.S.C. §1132(a)(3) by the I.A.M. National Pension Fund, National Pension Plan and its Co-Chairmen to secure the performance of statutory and contractual obligations owed to the Plan by the defendant.

- 2 -

2.  This Court has jurisdiction of this action under the
provisions of 29 U.S.C. §1132(e)(1).

3.  Venue is proper in this Court pursuant to 29 U.S.C.
§1132(e)(2).

4.  Plaintiff I.A.M. National Pension Fund, National Pension
Plan, (hereafter "the Plan") is a collectively bargained labor-
management pension trust fund created by Agreement and
Declaration of Trust originally entered into on May 1, 1960,
pursuant to the provisions of 29 U.S.C. §186(c)(5).  The Plan
maintains its principal place of business at 1300 Connecticut
Avenue, NW, Suite 300, in the City of Washington, DC.

5.  The Plan is an "employee pension benefit plan" within
the meaning of 29 U.S.C. §1002(2) and a "multi-employer plan"
within the meaning of 29 U.S.C. §1132(d)(1).

6.  Warren Mart and Burton F. Trebour are the Co-Chairmen of
the I.A.M. National Pension Fund Board of Trustees and are
fiduciaries within the meaning of 29 U.S.C. §1132(a)(3).

7.  The defendant Accurate Manufacturing Co. is a for-profit
business organization authorized to do business in the State of
Illinois.  Its principal office and place of business is located
in Alsip, Illinois.

8.  On or about August 1, 2003, defendant entered into a
collective bargaining agreement with Local Lodge No. 49 of

- 3 -

District Lodge No. 8 of the International Association of Machinists and Aerospace Workers (hereafter referred to as "the Union").  Among other things, that collective bargaining agreement obligated defendant to commence making regular contributions to the plan on behalf of those of its employees in the bargaining unit represented by the Union, and to continue those contributions during the term of the agreement.

9.  In Article IX.2 of the Collective Bargaining Agreement described in paragraph 8, representatives of the Defendant and the Union entered into the Standard Contract Language required by the Plan, Defendant thereby agreed to commence and continue making payments to the Plan at the rate and on the basis required therein and adopted and agreed to be bound by the provisions of the Trust Agreement, dated May 1, 1960, and all amendments thereto, and adopted and agreed to be bound by the Plan rules as amended from time to time.

10. By entering into the Agreements described in paragraphs 8 and 9, Defendant and the Union met the requirements for participation in the Plan, and upon acceptance by the Trustees, Defendant became a "contributing Employer" and the Union became a "participating lodge" in the pension plan maintained by the Plan. By virtue of this agreement and its subsequent renewal, Defendant is obligated to file monthly reports with the Plan, showing the amount of time for which each employee in the Union's bargaining

- 4 -

unit received pay in accordance with the collective bargaining agreement during the month. Defendant is now obligated to pay to the Plan each month the contribution required by the collective bargaining agreement on those reports.

11. Article V, Section 4 of the Plan Trust Agreement <u>as amended</u>, by which Defendant has agreed to be bound, provides in pertinent part as follows:

> When an Employer has failed to pay the amounts due to the Pension Fund when such amounts become due and payable, that Employer shall be considered delinquent. If the Employer fails to make contributions within thirty (30) days after the date of the delinquency, the Employer shall be liable for liquidated damages of 20% of the amount due and simple interest shall be paid on all amounts due at the rate of 18% per annum from the date of the delinquency until the date payment is received. The Trustees may from time to time change the applicable percentages for liquidated damages and interest, but on a uniform basis for all Employers.

> The Trustees shall have the power to take any action necessary to enforce the payment of contributions, liquidated damages, interest, and other amounts due, including, but not limited to, the institution of or intervention in any legal, equitable or administrative proceedings, and all reasonable expenses incurred by the Fund in enforcing the payment of contributions, liquidated damages, interest, and other amounts due, including, but not limited to reasonable attorneys' fees, accountants' fees and court costs shall be added to the obligation of the defaulting Employer in addition to the amount due. The Employer agrees that such sums, together with liquidated damages and interest as set forth above, shall be included in any judgment issued by a court. The Trustees shall have the authority to settle or compromise any claims, suits, or legal actions for less than the full amount due when in their discretion, they deem it in the best interest of the Fund.

- 5 -

12. Notwithstanding its obligations to make timely reports and contributions to the Plan required by the agreements to which defendant is a party and described in paragraphs 8 and 9 above, defendant has failed and refused since at least June 20, 2005 to make required reports and payments in a timely manner, to wit: The defendant has failed to submit approximately $5,000.00 in pension contributions for the months of May, 2005 through and including August, 2005, on which estimated liquidated damages of $1,000.00 and estimated interest of $600.00 has accrued to date. As a result of defendant's continuing refusal timely to fulfill those obligations, defendant owes the Plan approximately $6,600.00 in delinquent contributions and liquidated damages and interest as of the date of this complaint.

13. §515 of the Employee Retirement Income Security Act of 1974, as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §1145, provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

14. §502(g)(2) of the Employee Retirement Income Security Act of 1974, provides:

> In any action under this title by a fiduciary or on behalf of a plan to enforce Section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan –

- 6 -

```
(A)  the unpaid contributions,
(B)  interest on the unpaid contributions,
(C)  an amount equal to the greater of
     (i)   interest on the unpaid contributions, or
     (ii)  liquidated damages provided for under the plan in
           an amount not in excess of 20 percent (or such
           higher percentage as may be permitted under
           Federal or State law) of the amount determined by
           the court under subparagraph (A),
(D)  reasonable attorney's fee and costs of the action, to
     be paid by the defendant, and
(E)  such other legal or equitable relief as the court deems
     appropriate.
```

15. The Plan has attempted to secure defendant's voluntary compliance with its obligation to make pension contributions to the Plan, but notwithstanding these efforts, defendant continues to fail and refuse to make such payments in a timely manner as it has agreed and as is required by statute to do.

16. Unless required otherwise by order of this Court, defendant will continue to be delinquent in the financial and reporting obligations it owes this Plan and to which this Plan is entitled by virtue of the plan rules and agreements governing defendant's participation in the Plan.

WHEREFORE, Plaintiffs pray that the court enter an order requiring Defendant promptly to submit to the Plan all reports and contributions now due and owing by Defendant to the Plan but not yet paid, interest on the unpaid contributions, plus an amount equal to the greater of interest on the unpaid contributions, or liquidated damages provided for under the Plan;

- 7 -

reasonable attorneys' fees and costs as incurred in this action.

Plaintiffs also request such other or further relief as the interests of justice may require.

Respectfully submitted,

Dated:  April 3, 2006                    /S/
                                         Joseph P. Martocci, Jr., #955716
                                         1300 Connecticut Avenue, NW
                                         Suite 300
                                         Washington, DC  20036
                                         (202) 785-2658
                                         jmartocci@iamnpf.org


                                         /S/
                                         Robert T. Osgood, #247973
                                         1300 Connecticut Avenue, NW
                                         Suite 300
                                         Washington, DC  20036
                                         (202) 785-2658
                                         rosgood@iamnpf.org
                                         Attorneys for Plaintiffs